OPINION OF THE COURT
David B. Saxe, J.
This motion presents a question of first impression: does an income execution for support, issued pursuant to the recently enacted CPLR 5241, survive after the beneficiary of the underlying support order has died?
The plaintiff husband and defendant wife were married in 1948, and separated pursuant to a separation agreement filed August 11, 1967. In 1980, the defendant wife obtained a judgment in the amount of $11,200 representing "excess income alimony” arrears due and owing under the separation *153 agreement. Further arrears accrued thereafter. In 1986, the defendant wife served an income execution pursuant to CPLR 5241 upon the husband’s pension fund which pays his disability pension.
The plaintiff now moves to vacate or modify the income execution. As grounds for vacatur he contends that the defendant’s death should be viewed as having extinguished the levying device. He adds, moreover, that the taking of 65% of his disability payments is unduly harsh, in that he is 70 years old and his sole income is Social Security and his disability payments.
CPLR 5241, enacted in 1985, provides for an income execution device specifically to aid in the enforcement of spousal or child support obligations. It differs in several respects from the conventional income execution provided for in CPLR 5231, the most important being that while the conventional income execution levy is limited to a maximum of 10%, under CPLR 5241 (g) the percentage deductible by levy is between 50% and 65%, depending upon the extent of the arrears and the debtor’s other support responsibilities (see generally, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5241, 1990 Pocket Part, at 122-124).
Conflicting values are presented by this dispute. On the one hand, the plaintiff failed to satisfy his support obligations, and as a result the aggrieved spouse may well have had to suffer myriad hardships while alive. Since the plaintiff comes to the court with unclean hands, the interests of justice weigh against easing the levy on his benefits payments when he illegally deprived his estranged wife of those funds.
On the other hand, the primary goal of CPLR 5241 is to expedite enforcement of support obligations (Burns v Burns, 126 AD2d 459, 461 [1st Dept 1987]), and reimbursement of a support debt now owing to a debtor’s estate does not have the same urgency as enforcing support payable to a living and needy dependent.
The attorney for the deceased wife notes that CPLR 5241 speaks only of "debtor” and "creditor,” and does not specify what happens if the creditor spouse dies. However, the statute defines "creditor” as "any person entitled to enforce an order of support” (CPLR 5241 [a] [3]), and once the spouse has died, the order of support is no longer enforceable (although an arrears judgment may be enforced by her estate). Therefore, I conclude that the wife’s estate should not be permitted to *154 employ the device provided by CPLR 5241 and the income execution should be deemed terminated.
In view of the undisputed fact that substantial arrears are owed, both those previously reduced to judgment and still unpaid, as well as those that are the subject of a pending action, the plaintiff’s pension may properly be garnished to the extent of 10% as permitted by law.